1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8   Craig Clay Thornton,              )    No.  CV-14-00834-PHX-SPL (JFM)
9                                      )
                      Petitioner,      )
10  vs.                                )    **ORDER**
11                                     )
    Charles L. Ryan, et al.,           )
12                                     )
                      Respondents.     )
13                                     )
14  _____   )

15          Petitioner Craig Clay Thornton, who is confined in the Arizona State Prison
16  Complex-Santa Rita Unit, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant
17  to 28 U.S.C. § 2254 (Doc. 1). United States Magistrate Judge James F. Metcalf issued a
18  Report and Recommendation ("R&R") (Doc. 22), recommending that the petition be
19  dismissed and that a certificate of appealability should be granted in part. Respondents
20  have filed an objection to the R&R (Doc. 27), challenging the latter of the two
21  recommendations. No response has been filed. For the reasons that follow, the Court
22  accepts and adopts the R&R.

23  **I.    Background**[1]

24          Following a jury trial, in 2010, Petitioner was convicted in Maricopa County
25  Superior Court, Case No. CR2009-115945, of First Degree Murder, Attempted Armed
26  Robbery, and Burglary in the First Degree. The Arizona Court of Appeals summarized

27  _____
    [1]      The Court adopts and incorporates the background recited in the R&R, to which
28  there has been no objection. Petitioner does not object to any factual finding made by the
    state court, nor has he requested an evidentiary hearing.

the facts which led to his conviction as follows:

> In January 2009, [Petitioner] and four accomplices unlawfully entered the victim's residence, intending to burglarize the residence, which defendant and accomplices believed contained $200,000 cash and a large quantity of marijuana. [Petitioner] and another accomplice were armed. When [Petitioner] and accomplices entered the home, the victim stood up from the couch and said, "Don't hurt me. You can have everything, don't hurt me." [Petitioner] and the other armed accomplice both shot at the victim. [Petitioner] and accomplices then fled the residence, taking nothing. The victim sustained multiple gunshot wounds, which were determined by the medical examiner to have caused his death.

(Doc. 18-10, Exh. HH.) Petitioner was sentenced to concurrent terms of imprisonment of 25 years to life, 10.5 years, and 7.5 years. His convictions and sentences were affirmed on appeal to the Arizona Court of Appeals, and his petitions for post-conviction relief were denied by the Superior Court.

On April 21, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus in federal court, raising four claims for relief. (Doc. 1.) Respondents filed an Answer (Doc. 18) in which they argue that: (1) the petition should be dismissed as untimely; (2) the claims in Grounds Two, Three, and Four should be dismissed as procedurally defaulted; and (3) and all four claims should be dismissed because they fail on the merits. Petitioner did not file a Reply. Judge Metcalf issued a R&R in which he finds: (1) the petition is time-barred; (2) Petitioner's claims are procedurally defaulted and barred from review; (3) to the extent that Petitioner could be found to have exhausted his claim in Ground One, that claim fails on its merits; and (4) jurists of reason would find the time-bar ruling debatable and Petitioner facially states a valid claim of the denial of a constitutional right. The R&R therefore recommends that the petition be dismissed and that the Court should grant a certificate of appealability as to a finding that the petition is time-barred.

## II.      Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  A party is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers any new facts or arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III.     Discussion

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244.

### A.      Statute of Limitations

First, the Court finds that the Magistrate Judge correctly concluded that Petitioner's federal habeas petition is time-barred.  The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

In the instant case, the 1-year limitations period began to run when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Following a timely direct appeal, the Arizona Court of Appeals issued its decision affirming Petitioner's convictions on June 7, 2011. Petitioner did not seek review by the Arizona Supreme Court. Therefore, judgment became final on July 7, 2011, when the time for filing a

---

[2]      The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

petition for review before the Arizona Supreme Court expired. *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court").

Petitioner properly filed a notice of post-conviction relief on July 8, 2011,[3] which statutorily tolled the limitations period. Petitioner's post-conviction relief proceeding remained pending until the Superior Court dismissed his petition on April 2, 2013. (Doc. 18-10, Exhs. LL-VV.) Petitioner did not timely seek review of that ruling and because no application for post-conviction relief was *pending* following the Superior Court's denial, the limitations period began to run again the following day on April 3, 2013. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (an application for state post-conviction review is "pending" during the period between a lower court's adverse determination and the filing of a timely notice of appeal); *Robinson v. Lewis*, 795 F.3d 926, 928-29 (9th Cir. 2015); *Maes v. Chavez*, 792 F.3d 1132, 1135 (9th Cir. 2015) ("an application is pending as long as the ordinary state collateral review process is 'in continuance'- *i.e.,* 'until the completion of' that process'"). Therefore, because the instant federal petition was not mailed until April 17, 2014 (or filed until April 21, 2014), after the one-year limitations period has expired on April 3, 2014, it was untimely.

Petitioner does not show that circumstances existed which prevented him from timely filing a federal habeas petition and entitle him to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition (internal quotations omitted)). Nor does Petitioner claim actual innocence such that the "fundamental miscarriage of justice exception" is applicable and compels review of his

---

[3] This notice (mailed on July 8, 2011) commenced one of three post-conviction relief proceedings initiated by Petitioner that were ultimately dismissed. The first was filed and dismissed while his direct appeal was pending. (Doc. 18-10, Exhs. II-KK.) His third notice for post-conviction relief was filed on April 21, 2014. (Doc. 18-10, Exhs. WW-DDD.) Because the third petition was filed after the limitations period had expired, as set forth below, it did not statutorily toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

time-barred claims. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("[A]n actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period); *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). Therefore, Petitioner's federal habeas petition is time-barred, and will be dismissed on that basis.

Second, the Court finds that the Magistrate Judge correctly found that a certificate of appealability should issue with regard to the procedural ruling on the statute of limitations. "The standard for granting a certificate of appealability is low." *Frost v. Gilbert*, 818 F.3d 469, 474 (9th Cir. 2016). When a district court dismisses claims on procedural grounds, it may grant a COA if: (1) jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014); *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000). The Court need only "simply take a quick look at the face of the complaint to determine whether the petitioner has facially alleged the denial of a constitutional right. If [the petitioner] has facially alleged the denial of a constitutional right, and assuming that the district court's procedural ruling is debatable," a COA may issue. *Lambright*, 220 F.3d at 1026 (internal quotations, citations and brackets omitted).

Respondents do not object to the R&R's finding that the procedural ruling is debatable. (Doc. 27 at 4.) Rather, attempting to distinguish this case from *Lambright*, Respondents object to the R&R on the basis that "[m]erely showing that a claim is 'facially valid' is not enough; a COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" (Doc. 27 at 8.) Contrary to Respondents' reading, the Court does not find that *Lambright* is "dubious on its own terms." (Id.) *Lambright* distinguishes the differing standards for granting a COA applied when the court rejects a habeas petitioner's constitutional claims on the merits, as compared to when a habeas petition is denied on procedural grounds. Respondents' arguments concerning each of the claims may prove they lack merit, but do not negate the

presence of a facially valid claim. And, as determined in the R&R, the Court finds that the petition states a facially valid claim of the denial of a constitutional right. *See e.g., Jackson v. Virginia,* 443 U.S. 307, 321 (1979) ("it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim.").

Lastly, Respondents argue that "[i]n the alternative, if this Court chooses to issue a COA regarding the statute-of-limitations defense, Respondents will waive the defense." (Doc. 27 at 11.) Respondents' cautionary notice does amount to a waiver of their affirmative defense. Instead, Respondents' *post hoc* threat of waiver is nothing more than an attempt to puppeteer the Court's ruling and to impede Petitioner's pursuit of an appeal. In answering the petition, Respondents did not deliberately waive the timeliness defense - they expressly invoked it. The Magistrate Judge did not prompt the issue of timeliness, nor did Respondents exercise a deliberate decision to proceed immediately to the merits in an effort to "preserve scarce judicial and prosecutorial resources." (Doc. 27 at 11.) *Cf. Wood v. Milyard*, 132 S.Ct. 1826, 1835 (2012) ("the State, after expressing its clear and accurate understanding of the timeliness issue… deliberately steered the District Court away from the question and towards the merits of Wood's petition. In short, the State knew it had an 'arguable' statute of limitations defense… yet it chose, in no uncertain terms, to refrain from interposing a timeliness 'challenge' to Wood's petition.").

Respondents remain free to waive the statute of limitations argument should they choose to do so. However, it is not a valid basis for objecting to or rejecting the Magistrate Judge's recommendation to grant a COA.

### B.    Procedural Default

The Court next finds that the R&R correctly found that Petitioner's claims are procedurally defaulted and barred from review. Although the factual basis of Petitioner's state court claims bare similarity to some of his habeas claims, he did not present the constitutional basis which gives rise to his federal habeas claims, and therefore, he did

1    not fairly and fully present his claims to the state court. As addressed in the R&R,
2    counsel asserted an inability to find an issue on appeal pursuant to *Anders v. California,*
3    386 U.S. 738 (1967); counsel did not ask the Court to search the record with regard to the
4    instant claims; Petitioner did not otherwise present his constitutional claims in state court
5    on direct appeal or in post-conviction relief proceedings. The Arizona Court of Appeals
6    affirmed his convictions and sentence after it conducted a search of the record and found
7    "no reversible error pertaining to [Petitioner]'s alleged claims of error or otherwise. All
8    of the proceedings were conducted in compliance with the Arizona Rules of Criminal
9    Procedure. So far as the record reveals, [petitioner] was adequately represented by
10   counsel at all stages of the proceedings, and the sentence imposed was within the
11   statutory limits." (Doc. 18-10, Exh. HH.) Because a return to state court to present
12   Petitioner's claims would be futile under Arizona's procedural rules, his defaulted claims
13   are procedurally barred from review.

14       **C.    Merits**

15       Despite Petitioner's failure to exhaust his claims in state court, the Court reaches
16   Petitioner's claims on the merits and dismisses them on that basis in the alternative. *See*
17   28 U.S.C. § 2254(b)(2) (an application for a writ of habeas corpus may be denied on the
18   merits, notwithstanding the failure of the applicant to exhaust the remedies available in
19   the courts of the State); *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (district
20   court may exercise discretion to consider merits of unexhausted habeas claim). When
21   analyzing federal habeas claims, the district court looks to whether the "state court
22   decision was contrary to or an unreasonable application of clearly established law or an
23   unreasonable determination of the facts." *Crittenden v. Chappell*, 804 F.3d 998, 1010
24   (9th Cir. 2015). In the limited instances when the court undertakes a review of federal
25   habeas claims that have not been adjudicated by the state court, the court reviews those
26   claims *de novo. See Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014); *Stanley v.*
27   *Cullen,* 633 F.3d 852, 860 (9th Cir. 2011).

28       In Ground One, Petitioner claims that there was insufficient evidence to convict

7

him of first-degree murder in violation of his Fifth, Sixth, and Fourteenth Amendment rights, because "[p]rosecutors for the state did not prove that Petitioner was acting on intent to commit murder or a knowled-able participant [sic] of the crime of murder." (Doc. 1 at 6.)[4] *See Jackson v. Virginia*, 443 U.S. 307, 315 (1979) ("the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

While the conviction records before this Court generically read that Petitioner was convicted of first-degree murder, the transcript of the instructions read to the jury clarify that Petitioner was tried and convicted of first-degree *felony* murder. The trial court instructed the jury on the murder charge as follows:

> In Count 1, the State has charged both Defendants with the crime of First-Degree Murder. The crime of First-Degree Murder requires the State to prove that:
>
> 1. Defendants and other persons committed or attempted to commit armed robbery and/or Burglary in the First Degree; and
>
> 2. In the course of and in furtherance of this crime or immediate flight from this crime, Defendants or another person caused the death of Bilal Ammar Russell.

(Doc. 18-9 at 11-12, Exh. CC.) *See* Ariz. Rev. Stat. § 13-1105(A)(2) ("A person commits first degree murder if… [a]cting either alone or with one or more other persons the person commits or attempts to commit… burglary under § 13-1506… and, in the course of and in furtherance of the offense or immediate flight from the offense, the person or another person causes the death of any person").

Because Petitioner was convicted of felony murder, as compared to premeditated murder, proof of a specific intent to commit murder, or of knowing participation in the

---

[4]     Petitioner reiterates a variation of this claim in Ground Three, arguing that there was insufficient evidence to conclude beyond a reasonable doubt that he "knowingly and with competent intent entered Bilal Russell's home to do more than commit burglary." (Doc. 1 at 8.)

commission of murder, was not an essential element of the crime which had to be proven beyond a reasonable doubt. Instead, the State was required to offer proof of "the intent required for the underlying felony," here, the intent to commit burglary. *State v. Schackart*, 858 P.2d 639, 644 (Ariz. 1993) (citing *State v. McLoughlin*, 679 P.2d 504, 508-09 (Ariz. 1984)); A.R.S. § 13-1105(B). Petitioner does not challenge whether there was sufficient evidence presented at trial upon which a rational trier of fact could have found there was intent to commit burglary beyond a reasonable doubt, nor does the Court find any basis in the record which suggests the contrary. *See Jackson*, 443 U.S. at 319. Petitioner's claim in Ground One therefore fails on its merits.

In Ground Two Petitioner argues that the prosecutor failed to disclose the death of Camion Williams, who "would have testified to the non-knowing involvement of Petitioner." (Doc. 1 at 7.) He claims that "Camion Williams was killed during the investigatory stage of the alleged crime committed by Petitioner but before trial. Prosecutor [sic] withheld this information until later on at trial. Denying a confrontation of the statements used at trial of Camion Williams… prejudiced the Petitioner when Petitioner was attempting to prove the lack of knowledge to co-defendant Braxton['s] intent on night of crime." (Id.)

Prosecutors have a constitutional obligation grounded in the due process clause of the Fourteenth Amendment "to disclose 'evidence favorable to an accused ... [that] is material either to guilt or to punishment.'" *Amado*, 758 F.3d at 1133 (quoting *Brady v. Maryland,* 373 U.S. 83, 87 (1963)). To prevail on a *Brady* claim, the evidence must show that: (1) the government willfully or inadvertently suppressed evidence; (2) the evidence was favorable to the accused, either because it is exculpatory, or because it is impeaching; and (3) prejudice resulted, in that the evidence that was not produced was material to the issue of guilt or punishment. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); *Amado*, 758 F.3d at 1139. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the

9

proceeding would have been different." *Amado*, 758 F.3d at 1139 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Camion Williams was an alleged unindicted accomplice to the crime. (*See* Doc. 18-1, Exh. D.) Assuming without deciding that Williams's death was not disclosed to Petitioner prior to trial, he does not present a tenable claim that the late disclosed evidence rendered his trial so fundamentally unfair that he was deprived of due process. Petitioner points to no basis which demonstrates that the late disclosed evidence was either favorable or material. He does not explain how Williams's death itself was exculpatory. Nor is there any basis which suggests that Williams's testimony would have assisted rather than hurt his defense. *See Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012) (mere speculation about undisclosed exculpatory evidence is insufficient to support a *Brady* claim). Petitioner has not shown that he suffered some form of prejudice from an inability to confront or cross-examine Williams, *see Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); the State did not introduce any statements from Williams at trial. Under the same reasoning as above, the circumstances also do not suggest that the testimony of the missing witness "if produced, would [have been] unfavorable to the prosecution." *United States v. Kojayan*, 8 F.3d 1315, 1317 (9th Cir. 1993) (internal citation omitted). There is not a reasonable probability that this information would have affected the result of Petitioner's trial. Therefore, Ground Two fails.

In Ground Three,[5] Petitioner claims that his constitutional rights were violated when he was "forced by [the] prosecution to go to trial with co-defendant Braxton" and was "[t]ried under the veil of evil content of [Braxton's] prior bad acts with no argument and no opportunity of pleading out." (Doc. 1 at 8.) The decision as to whether separate trials should be held for jointly-indicted defendants rests within the discretion of the trial court. *United States v. Camacho*, 528 F.2d 464, 470 (9th Cir. 1976). However, joiner of codefendants at trial violates a defendant's constitutional right to due

---

[5]    Petitioner's claim in Ground Three that there was insufficient evidence to prove his knowledge or intent "to do more than commit burglary" (Doc. 1 at 8) fails for the same reasons as Ground One.

process where the resulting prejudice is of such magnitude that it rendered the trial fundamentally unfair. *Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir. 1997); *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978). To make such a showing, a petitioner must demonstrate that there was a violation of some substantive right, such as "unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (internal citations omitted).

Here, Petitioner does not show that he was prejudiced by being tried alongside Cameron Braxton. The defendants advanced the same theories at trial, primarily challenging the testimony of Demone Lee Hurd; their defenses were not antagonistic or mutually exclusive. *See United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991). Each defendant was represented by separate counsel, had an opportunity to present their individual defenses, and was able to cross examine the witnesses. *See United States v. Camacho*, 528 F.2d 464, 470 (9th Cir. 1976); *DePetris v. Kuykendall*, 239 F.3d 1057, 1062 (9th Cir. 2001). Petitioner was not faced with a Sixth Amendment confrontation dilemma. *See Bruton v. United States*, 391 U.S. 123 (1968). The admitted 404(b) evidence involving Braxton (*see* Doc. 18-1 at D) was relevant and did not unduly infect the evidence offered against Petitioner; there is "no indication that the jury was unable to compartmentalize the evidence and reach their verdict as to [Petitioner] on a fair evaluation of the evidence against him." *Ramirez*, 710 F.2d at 547. *Cf. McKinney v. Rees*, 993 F.2d 1378 (9th Cir. 1993). Further, there is nothing in the record which would suggest that the State pursued fundamentally inconsistent theories against the two defendants, much less knowingly used false evidence or acts in bad faith against Petitioner for that purpose. *See Nguyen v. Lindsay,* 232 F.3d 1236 (9th Cir. 2000).

Therefore, Petitioner's claim in Ground Three fails.

Lastly, in Ground Four, Petitioner claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated when he was denied his right to a jury trial on "the dangerousness that was alleged and used to enhance [his] sentence to 25 years to life which is beyond the statutory maximum." (Doc. 1 at 9.) "The Supreme Court held in *Apprendi* that, except for the fact of a prior conviction, any facts that increase a defendant's sentence beyond the statutory maximum must be proved to a jury beyond a reasonable doubt." *Wilson v. Knowles*, 638 F.3d 1213, 1215 (9th Cir. 2011) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *See also Blakely v. Washington,* 542 U.S. 296, 303-04 (2004) (holding that the Sixth Amendment requires that the defendant admit or a jury unanimously find beyond a reasonable doubt any aggravating circumstance that is used to increase a defendant's sentence). Here, the sentence Petitioner received for his first-degree felony murder conviction, life without the possibility of release for 25 years, was not beyond the statutory maximum; it was the statutory minimum sentence allowable under Arizona law. *See* A.R.S. §§ 13-1105(A)(2), 13-751(A)(3). Because it was not increased beyond the statutory minimum, and therefore did not depend on the finding of an aggravating factor, this sentence was not imposed in violation of Petitioner's constitutional rights as expressed by *Apprendi* and *Blakely*. Therefore, Petitioner's claim in Ground Four also fails.

## IV.    Conclusion

Having reviewed the record as a whole, the Court finds that Petitioner's federal habeas petition is procedurally barred and his claims are without merit. For the reasons above, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.    That the Magistrate Judge's Report and Recommendation (Doc. 22) is **accepted** and **adopted** by the Court;

2.    That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

12

3.      That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **granted in part** as to the Court's ruling on the statute of limitations, and **denied** as to the remaining rulings; and

4.      That the Clerk of Court shall **terminate** this action.

Dated this 29th day of July, 2016.

Honorable Steven P. Logan
United States District Judge